### COMMONWEALTH *vs.* JAMES BROWN.

*Scire facias* on a recognizance taken under *St.* 1852, *c.* 322, cannot be maintained unless returnable at the next term after default, as required by § 12 of that statute

SCIRE FACIAS upon a recognizance taken under *St.* 1852, *c.* 322, and conditioned that James A. Wood should appear and answer at March term 1854 of the court of common pleas to an indictment for being a common seller of spirituous and intoxicating liquors. At that term the defendant was defaulted upon his recognizance; and this *scire facias* was brought at February term 1855 of that court. The defendant moved to dismiss the suit, because it was not brought at the proper term. *Sanger*, J. overruled the motion, and the defendant alleged exceptions.

*J. Brown, pro se.*

*J. H. Clifford,* (Attorney General,) for the Commonwealth.

THOMAS, J. This is *scire facias* upon a recognizance taken under the *St.* of 1852, *c.* 322. By the 12th section of that statute it is provided, that whenever a default shall be had of any recognizance arising under this act, *scire facias* shall be issued, returnable at the next term, and the same shall not be continued unless for good cause satisfactory to the court. Not having been brought at the next term after default, it could not be afterwards brought, and the motion to dismiss should have been allowed. See *Commonwealth* v. *Thompson,* 2 Gray, 82.

*Exceptions sustained.*